Jan M. HITT, Appellant,

v.

Mildred M. DUMITROV, Appellee.

No. A2278.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 2, 1980.

Walter B. Williams, Walter B. Williams & Associates, Houston, for appellant.

Linda L. Kelly, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Mildred M. Dumitrov (appellee) brought this action against Jan M. Hitt (appellant) for the removal of Hitt as the administrator of the estate of Catherine Ann Coker on the ground that a conflict of interest prevented Hitt from continuing to serve as administrator. After a trial to the court, judgment was entered removing Hitt as administrator and appointing Dumitrov as successor administrator. Hitt appeals from the judgment.

Catherine Ann Coker, her husband, Lon Scott Coker, and her two children, were all killed in the crash of a private airplane on July 30, 1977 in Alaska. There is no direct evidence that they died other than simultaneously. Catherine Coker was survived by her mother, appellee Dumitrov, and her father, George Dumitrov. The father has disclaimed any interest in the estate.

Hitt, the husband of Lon Scott Coker's sister, served as the sole administrator of Catherine Coker's estate at the time of trial. In addition, Hitt serves as the administrator of the estate of Lon Coker and of the two children.

Dumitrov alleged that a conflict of interest existed for Hitt to continue to serve as administrator of Catherine Coker's estate. The conflict involves the payment of proceeds of a life insurance policy on the lives of Lon Scott Coker, Catherine Ann Coker and their two children. The insurance company has filed an interpleader action in

federal court to determine the proper disbursement of the proceeds.

Hitt takes the position that the policy is unambiguous and that he is placing neither estate in a position of priority to claim the proceeds. Under the policy, Hitt claims, the proceeds should be paid to the first surviving class of the classes of beneficiaries named by the policy. This would result in distributing the proceeds of the policy on the life of Lon Scott Coker to Mrs. Beatrice Coker, Hitt's mother-in-law.

Dumitrov claims that Catherine Coker's estate should receive one-half of the proceeds of the policy on Lon Coker's life. The trial court found that there did exist a conflict of interest which prevented Hitt from performing the duties of his trust under Tex.Prob.Code Ann. § 222 (Vernon Supp.1980).

Appellant complains that the trial court was in error because there was insufficient evidence to support the court's finding; or that the court's finding was against the great weight and preponderance of the evidence.

■■■ Appellant argues that the trial court is bound by Hitt's testimony that there is no conflict of interest. He contends that such testimony is clear, direct, uncontradicted and free of circumstances tending to case suspicion upon it, and therefore, must be accepted as true. *See Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904 (1942). However, the question of whether there is a conflict of interest is a mixed question of law and fact on a central issue of the case. Therefore, his testimony was a mere conclusion or opinion and has little probative force. *Dallas Railway & Terminal Co. v. Gossett,* 156 Tex. 252, 294 S.W.2d 377 (1956).

Furthermore, there are other circumstances and evidence which show that we are not compelled to accept appellant's testimony. Dumitrov claims that Catherine Coker's Estate is entitled to a one-half share of the proceeds of the policy on the life of Lon Coker, as her share of the community property. Section 47(b) of the Pro-

bate Code in force at the time the cause of action arose stated that when "there is no direct evidence that they have died otherwise than simultaneously, one-half of all community property shall be distributed as if the husband had survived, and the other one-half thereof shall be distributed as if the wife had survived. The provisions of this subsection apply to proceeds of life or accident insurance which are community property and become payable to the estate of either the husband or the wife . . ."

Thus under the statute, Dumitrov claims, Catherine Coker's Estate should be entitled to one-half of the proceeds because she is deemed to have survived her husband.

The issue of the proper payment of the proceeds is not before us, and we do not rule on it directly nor by any implication in this opinion. But, the appellee is entitled to have an administrator assert this claim on behalf of her daughter's estate. As the trial court stated in its judgment, "[e]ach estate should have a representative that will assume the role of an advocate to achieve the best possible advantage for the estate." Thus, there is sufficient evidence to support the court's finding that such conflict of interest renders Hitt incapable of performing the duties of his trust. Appellant's points of error are overruled and the judgment is affirmed.

Affirmed.