In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00107-CR


______________________________




GEORGE HENRY BUNDRANT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 17,128-2002




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 George Henry Bundrant entered into a plea agreement and subsequently pled guilty to, and
was convicted of, sexual assault of a child (enhanced). The trial court set punishment at twenty
years' imprisonment, within the terms of the plea agreement. Bundrant now appeals.

 In accordance with Rule 25.2(a)(2), the trial court filed a certification of defendant's right of
appeal, stating this matter "is a plea-bargain case, and the defendant has NO right of appeal." See 
Tex. R. App. P. 25.2(a)(2).

 Under amended Rule 25.2(a)(2), Bundrant was entitled to appeal only "those matters that
were raised by written motion filed and ruled on before trial," or "after getting the trial court's
permission to appeal." (1) The trial court certified that neither of these circumstances apply by stating
that there is no right of appeal. See Comb v. State, 101 S.W.3d 724 (Tex. App.-Houston [1st Dist.] 
2003, no pet. h.). (2)

 We hold that we lack jurisdiction (3) over this appeal and therefore dismiss it.




 Josh R. Morriss, III,

 Chief Justice

Date Submitted: July 16, 2003

Date Decided: July 17, 2003


Do Not Publish

1. Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended.
Bundrant's notice of appeal invoking appellate jurisdiction was filed after the effective date of the
amended rules. The amended rules therefore apply to this appeal. Rule 25.2(a) was amended and
now reads, in pertinent part:


 (2) A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. In a plea bargain case-that is, a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant-a
defendant may appeal only: 

 (A) those matters that were raised by written motion filed and ruled on before
trial, or 

 (B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a).
2. A plea agreement rests on the basis that it and the resulting guilty plea are voluntarily and
understandably made; an involuntary plea, however, may be raised by a motion for new trial and
habeas corpus, but not on appeal. Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001).
3. We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996).


List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00030-CV

                                                ______________________________

 

 

 

                   IN THE ESTATE OF IMOGENE GOBER,
DECEASED

 

 

                                                                                                  


 

 

                                            On Appeal from the County
Court at Law

                                                           Hopkins County, Texas

                                                         Trial Court
No. P10-13355

 

                                                              
                                    

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Imogene Gobers
last will and testament names her son, Joe Mack Gober,
and daughter, Sue Nan Gober, as Co-Independent
Executors of her estate.  The will also
devised the estate to Joe and Sue in equal shares.  Due to personality conflicts between Joe
and Sue, Joe voluntarily agreed to step aside, and alleged that Sue was
unsuitable to serve as independent executrix. 
After hearing evidence, the trial court found Sue unsuitable and
appointed a third party G. V. Hughes, as independent executor of the
estate.[1]  Sue appeals,[2]
alleging that the trial court erred in finding her unsuitable to serve as
independent executrix of her mothers estate due to alleged conflicts of
interest.  We agree with Sue, reverse the
trial courts judgment, and remand for further proceedings in accordance with
our opinion. 

I.          STANDARD
OF REVIEW 

            The power and right of a testator to select
his own independent executor is well fixed in the Texas law.  Boyles
v. Gresham, 309 S.W.2d 50, 53 (Tex. 1958). 
The Texas Probate Code gives first priority of appointment of an
administrator to the person(s) named as executor(s) in the will of the
deceased.  Tex. Prob. Code Ann. § 77 (West 2003).  However, one is statutorily disqualified from
serving as an executor of an estate if that person is [a] person whom the
court finds unsuitable.  Tex. Prob. Code Ann. § 78(e) (West
2003).  

            The term unsuitable is not defined
in the Texas Probate Code, leaving the implication that the trial court has
discretion in making that determination. 
Boren, 268 S.W.3d at 846
(citing In re Estate of Foster, 3
S.W.3d 49, 55 (Tex. App.Amarillo 1999, no pet.) ([T]he cases considering the
provision do not establish a bright line test to be applied in making that
determination.)).  Such discretion is
not unbridled, however, and its exercise is subject to review for abuse.  Guyton
v. Monteau, 332 S.W.3d 687, 690 (Tex.
App.Houston [14th Dist.] 2011, no pet.). 
Therefore, we review the trial courts determination that Sue was
unsuitable to serve as executrix of her mothers estate for abuse of
discretion.  Id. 

            The trial court abuses its discretion if its
determination that the applicant is unsuitable is arbitrary or unreasonable.  Boren,
268 S.W.3d at 846.  The mere fact a trial
court may decide a matter within its discretionary authority in a different
manner than an appellate court in a similar circumstance does not demonstrate
that an abuse of discretion has occurred. 
Id. (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985)).  We make an independent inquiry of the entire
record and are not limited to reviewing the sufficiency of the evidence to
support the findings of fact made, to determine if the trial court abused its
discretion.  Id. at 84647 (citing Chrysler
Corp. v. Blackmon, 841 S.W.2d 844, 853 (Tex. 1992) (orig. proceeding)).

II.        REVIEW
OF THE RECORD  

            A.        Trial Testimony 

            Joe testified that he and Sue dont
agree on anything, dont trust each other at all, and will never
agree.  He added, [t]he estate will
never be settled while theres two of us. 
Joe claimed that Sue was living in the house owned by the estate rent-free,
that Sue wont pay any of the [utility] bills, would not allow him to drive a
vehicle owned by the estate, paid the housekeeper with the estates money, and
attempted to sell the house as if it belonged to her after Joe expressed that
he did not want to sell the house.  

            Sue confirmed that she was living in
the home owned by the estate.  She also
testified that after her mothers death, Joe was driving the [estates]
vehicle without [her] permission.  Yet,
at all times, Sue maintained that the home and car were assets of the estate. 

            Hughes testified that he did not
believe Joe and Sue could get along.  He
confirmed that utility bills for energy consumed by Sue while living in the
estate home were being debited against the [estates] account.  

            B.        The Trial Courts Findings 

            The trial courts findings of fact
specify that:  (1) Sue resides in the
house . . . which belongs to the Estate and the Estate was paying all of the
utility bills until G.V. Hughes was first appointed; (2) Sue desires to
continue to live in the home . . . without compensation or benefit to the
Estate; (3) Joe and Sue have personality conflicts which would prevent them
from serving as Co-Executors of the Estate; and (6) there is a lack of trust
between Joe Mack Gober and Sue Nan Gober which makes it impossible for either to serve as
Executor.  Based upon these findings,
the court concluded that Sue was unsuitable to serve as executrix because she
ha[d] a direct conflict between her personal interest and the best interest of
the Estate and could not serve as co-executor with Joe due to their
personality conflicts. 

III.       RECORD
DID NOT SUPPORT FINDING THAT SUE WAS UNSUITABLE

            A.        There Was No Evidence of Conflict of Interest


            Joe argues that the trial courts finding of
direct conflict should be upheld.  [T]he
suitability of an executor . . . claiming title to property owned by the
testator at the time of death has been addressed by several courts of appeals,
which have concluded that a conflict of interest in this situation establish[ed] unsuitability as a matter of law.  Pine v.
Deblieux, No. 01-10-00411-CV, 2011 WL
2732570, at *4 (Tex. App.Houston [1st Dist.] July 14, 2011, no pet. h.); see Olguin v. Jungman, 931 S.W.2d 607, 610 (Tex. App.San Antonio
1996, no writ) (a person asserting a claim against property, claiming it as
their own to the exclusion of the estate, is deemed unsuitable because of the
conflict).  This is because the
interest of the estate and that administrator or executor are too adverse for
that one person to advocate effectively for both sides.  Pine,
2011 WL 2732570, at *4 (citing  Ayala v. Martinez, 883 S.W.2d 270, 272
(Tex. App.Corpus Christi 1994, writ denied); Bays v. Jordan, 622 S.W.2d 148, 149 (Tex. App.Fort Worth 1981, no
writ) (Clearly, one whose personal interests are so adverse to those of the
estate or the beneficiaries thereof that both cannot be fairly represented by
the same person is not a proper person to administer the estate.); Hitt v. Dumitrov,
598 S.W.2d 355, 35556 (Tex. App.Houston [14th Dist.] 1980, no writ); Haynes v. Clanton, 257 S.W.2d 789, 790,
792 (Tex. Civ. App.El Paso 1953, writ dismd by agr.)). 

            However, the law is equally clear that an
independent executor is not unsuitable simply by virtue of a claim as
beneficiary under a will.  Id. at *3 (citing Boyles, 309 S.W.2d at 54). 
The distinction lies in whether there is a dispute about the estates assets,
or whether, through the probate process[the executor] seeks satisfaction of
his or her claim from the estates assets.  Id. at
*4 (citing Bays, 622 S.W.2d at 149; Haynes,
257 S.W.2d at 792); In re Estate of Gay,
309 S.W.3d 676, 680 (Tex. App.Houston [14th Dist.] 2010, no pet.).  

            The trial courts conclusion of law
regarding conflict of interest was based on two findings:  that (1) Sue resides in the house . . . which
belongs to the Estate and the Estate was paying all of the utility bills until
G.V. Hughes was first appointed; and (2) Sue desires to continue to live in
the home . . . without compensation or benefit to the Estate.  Under Section 37 of the Texas Probate Code,
when a person dies testate, the assets of the decedents estate vest
immediately in the devisees until the appointment of a personal representative
of the estate, after which the personal representative shall have the right to
possession of the estate as it existed at the death of the testator or
intestate.  Tex. Prob. Code Ann. § 37 (West 2003).  Accordingly, from the time of the demise of
Imogene Gober until the time of the appointment of a
personal representative of her estate, the assets of the decedent vested in Joe
and Sue as joint tenants.  Under
longstanding Texas law, so long as a joint tenant in possession does not bar
the other from use of the commonly owned property, the tenant in possession has
no obligation to pay rentals for that use. 
Grieder v. Marsh, 247 S.W.2d 590, 592 (Tex.
Civ. App.Fort Worth 1952, no writ) (citing Thompson v. Jones, 14 S.W. 222, 223 (Tex. 1890)).  Here, until the appointment of a personal
representative of the estate, the two siblings (as sole devisees under the
will) stood in the position of joint tenants, and there is no evidence that Sue
denied Joe of similar use of the dwelling owned by their mothers estate.  

            In this case, it was clear that Sue
was not claiming any property of the estate as her own. She never disputed the
estates title.  Rather, she was making
use of the estates property by virtue of the will, directing Joe and Sue as
sole beneficiaries of the estate to share and share alike, in fee
simple.  Thus, as in Boyles, her claim was not adverse to the estate, but was under the will as
a beneficiary of the estate.  See Boyles, 309 S.W.2d at 54.  

            As stated in Boyles, It would be contradictory indeed for the Legislature to
say in one section that a surviving spouse, a principal devisee, or a creditor
should have a preference to be appointed, and in another to say that if the
applicant for letters has an interest in the estate, the trial judge may on
that ground refuse to appoint him as an unsuitable person.  We think the Legislature had no such
intention.  Id. at 53.  We hold that the
finding that there was a conflict of interest between Sues personal interests
and that of the estate was made in error.

            B.        Allegations of Personality Conflict Were
Inconsequential 

            The only remaining conclusion relied on by the court
to find Sue unsuitable was an alleged personality conflict with Joe.  Specifically, the court concluded that Sue
could not serve as co-executor with Joe due to personality conflicts between
the two.  However, as noted by the trial
court, Joe waived his right to serve as Executor.  Imogenes will specifically provided, If
either Joe Mack Gober
or Sue Nan Gober
is unable or unwilling to serve or to continue to serve as Independent
Co-Executor, then I appoint the one remaining to serve alone.  

            Joes complaint that there was
family discord is inconsequential.[3]  There was nothing in the record to suggest that
disagreements with Joe would prevent Sue from the due administration of her
mothers estate.  Joe gave up the right
to serve as executor.  This should not
have led the court to conclude that appointment of a third party as personal
representative was necessary.  Instead,
under the will, Sue was to serve alone. 

IV.       CONCLUSION

            The trial courts findings of fact and
conclusions of law reveal that its denial of Sues application for issuance of
letters testamentary was in error.  We,
therefore, reverse the trial courts order appointing third party G. V. Hughes
executor (administrator) and remand with instructions to the trial court to
grant Sues application for appointment.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          September 12, 2011

Date
Decided:             September 15, 2011

 











[1]In
the first order, the court appointed G. V. Hughes as independent
executor.  After the new trial motion
hearing, the court appointed G. V. Hughes as executor.  Hughes was not appointed in the will as an
executor, nor is there any evidence that all distributees
under the will agreed for such appointment. 
Tex. Prob. Code Ann. §§
154(a), 145(d) (West 2003).  Unless one
of those circumstances is present, even if the independent executor designated
by the will is unwilling to serve, the probate court is powerless to appoint an
independent executor.  Rather, the court
may appoint an administrator only under the general law.  Boone
v. LeGalley, 29 S.W.3d 614, 616 (Tex. App. Waco
2000, no pet.) (citations omitted).

                We
note that since his appointment, Hughes has applied to the court for approval
of all actions with regard to the estate and has essentially treated the
appointment as dependent administration. 
We will construe the order to appoint Hughes as the administrator of the
estate.

 





[2]The
right to serve as the executor of an estate is a substantial right and a
denial of that right is a final and appealable order.  In re
Estate of Boren, 268 S.W.3d 841, 845 (Tex. App.Texarkana 2008, pet.
denied) (citing In re Estate of Vigen,
970 S.W.2d 597, 599 (Tex. App.Corpus Christi 1998, no pet.)).





[3]Moreover,
to date, we have found no authority suggesting that family discord alone is
enough to determine that a person appointed in a will to serve as executor is
unsuitable.  See Guyton, 332 S.W.3d at 691 n.4.