DREWS' APPEALS.

No one of the next of kin is entitled to be appointed adminstrator, if, by reason of his hostility to another of the next of kin, he is not a suitable person for the office. When all of the next of kin are thus disqualified, a stranger may be appointed.

PROBATE APPEALS. Facts found by a referee. Eliza H. Drew, a widow, died intestate, leaving five children, namely, Gerrish P., the eldest, Lois A., Sarah J., Harrison, and Thomas P. Lois A. was married, and Harrison was *non compos mentis*. John McDaniel was appointed administrator, on the petition of Sarah, presented within thirty days of the death of the intestate, for the appointment of herself or some suitable person. At the same time the probate court refused to appoint Gerrish on his own petition and that of Thomas and Lois. Gerrish appealed from the decree appointing McDaniel. McDaniel resigned ; and the court appointed Sarah on her own petition and that of Lois, and Gerrish appealed. Sarah also appealed from the decree appointing McDaniel.

There was a violent quarrel between Sarah and Gerrish, arising from a belief on his part that she had fraudulently obtained mortgages from the intestate to secure unjust claims against the estate. The quarrel was so bitter that mutual complaints for assault were made, and the feeling was so great as to disqualify either from fairly considering the claims of the other, and would probably lead to an abuse of any power either might have over the other. Sarah was found to be incapable of administering by reason of hostile feeling and interest, and Gerrish by reason of hostile feeling.

*Copeland*, for Gerrish P. Drew.

*Hobbs*, for Sarah J. Drew.

ALLEN, J. Administration of an intestate estate, when there is no widow, is granted to " any of the next of kin, or such suitable person as they may nominate." No person is appointed who is · deemed " incapable." No stranger is appointed until the next of kin renounce the trust in writing, or neglect for thirty days to apply for it. Gen. St., *c.* 176, *ss.* 2, 3, 5. When any one of the next of kin is a suitable person, a stranger is not appointed. *Munsey* v. *Webster*, 24 N. H. 126, 127.

The word " incapable" cannot be limited in its application to the mere case of mental or physical incapacity, but must be understood to include the idea of unfitness, unsuitableness. The use of the word " suitable " in the second section of the statute referred to, and the remark of the court in *Munsey* v. *Webster* that the next of kin must be taken to be a suitable person, favor this construction. An interest that disqualifies one from fairly considering the interest and claims of another in the same matter, renders him unsuitable to be intrusted with its management ; and a feeling of hostility, so intense as to cause one to resist with personal violence the claims and rights of others held in common with him, not only renders him unfit for, but also practically incapable of, managing the common interest. The claim of Sarah Drew against the estate is seriously disputed by the other heirs. The interest which the claim gives her in the settlement of the

estate, and the feeling engendered by the dispute, render her incapable of properly executing the trust of administrator. The feelings of bitter hostility on the part of Gerrish made him equally unfit for the place. The law does not encourage a private or family feud. Neither of the contending parties should be entrusted with the power of administration, because there is reason to fear their animosity would lead to an abuse of the trust.

The appeals of Gerrish and Sarah Drew from the decree appointing John McDaniel administrator are dismissed, and the decree is affirmed, with costs to the appellee. The appeal of Gerrish from the decree appointing Sarah is sustained, and that decree is reversed, with costs to the appellant.