Rita BAYS, Co-Executor of the Estate of Billie O. Nash, Deceased, Appellant,

v.

Jacquelyn JORDAN, Co-Executor of the Estate of Billie O. Nash, Deceased, Appellee.

No. 18603.

Court of Appeals of Texas, Fort Worth.

Sept. 23, 1981.

Rehearing Denied Oct. 21, 1981.

Brown, Herman, Scott, Dean & Miles and Randall L. Schmidt, Fort Worth, for appellant.

Watson, Ice & McGee and Edgar O. Coble, Fort Worth, for appellee.

Before HUGHES, BROWN and JORDAN, JJ.

OPINION

HUGHES, Judge.

Rita Bays has appealed from an order of the Probate Court of Tarrant County, Texas wherein Jacquelyn Jordan, a named co-executor in the holographic will of Billie O. Nash, deceased, was granted letters testamentary as co-executor of Nash's estate. The deceased and Ms. Jordan were joint venturers in regard to certain disputed real property. Ms. Jordan was not a named beneficiary in the deceased's will but had executed a written agreement with the deceased creating rights of survivorship in their joint ventures. Rita Bays, the sole beneficiary under the deceased's will and also a named co-executor who had previously obtained letters testamentary, has taken the position that Ms. Jordan's contractual claim of survivorship rights in the disputed real properly renders her "unsuitable" to serve as co-executor of the estate.

We reverse the judgment of the court below.

We acknowledge the wide latitude a testator has in naming the executors of his estate. *Boyles v. Gresham*, 158 Tex. 158, 309 S.W.2d 50 (1958). However, in the interest of assuring effective administration of estates, the legislature has provided that certain persons be disqualified from serving as executors or administrators. Section 78 of the Texas Probate Code (1980) reads in pertinent part:

"No person is qualified to serve as an executor or administrator who is:

" . . .

"(f) A person whom the court finds unsuitable."

The parties do not dispute that this provision vests a degree of discretion in the trial court as to whom is "unsuitable".

It is Ms. Jordan's pleading "Original Petition in the Nature of a Counterclaim for a Determination that Certain Property Pass by Contract" which forms the basis of Ms. Bays' contention that Ms. Jordan is disqual-

ified to serve as co-executor of the estate. Ms. Bays has summarized her position before this court as follows: "[O]ne who is not a beneficiary under the Will of the decedent, nor a spouse or heir at law; but sues the Estate claiming ownership of substantially all of the property of the Estate, based not on the Will, but on a non-testamentary instrument in conflict with the Will; is unsuitable to serve as Co-executor of that Estate, as a matter of law. In the alternative, it is Appellant's position that under the facts of this case, Jacquelyn Jordan is unsuitable to serve as Executor of the Estate, and that the Probate Court *abused its discretion* in granting her Letters Testamentary as such." (Emphasis theirs.)

In *Boyles v. Gresham, supra,* it was held that, as a matter of law, neither a creditor who asserts a good faith claim against the estate nor a beneficiary is "unsuitable" to serve as an independent executor simply by virtue of having such status. The court specified that it was not addressing a situation in which a named executor claims adversely, as his own, property which is owned, claimed or should be claimed, by the estate. It should be noted that *Boyles* involved an independent executor whereas the case before us involves a "dependent" executor.

Although it was decided under the old statutes and involved the removal of an administrator, the case of *Haynes v. Clanton*, 257 S.W.2d 789 (Tex.Civ.App.—El Paso 1953, writ dism'd by agr.) offers guidance. In *Haynes* a "dependent" administrator owned approximately eleven percent of the stock in a bank which had brought suit against the administrator seeking to recover all of the assets of the estate which were in the possession of the administrator on the theory that all such property had been acquired by the deceased with funds embezzled by him from the bank. The court held that the administrator's relationship with the bank and consequent interest in the outcome of the suit rendered him to be within the statutory grounds for removal i. e. incapable of performing the duties of his trust. The court noted that it was not a question of bad faith on the part of the

administrator nor of the administrator's attitude in favor of or against the claim of the bank. The court found, however, that the administrator's personal interest in the litigation pending against him was ample ground for his removal. This passage quoted by the court is particularly relevant:

"Clearly, one whose personal interests are so adverse to those of the estate or the beneficiaries thereof that both cannot be fairly represented by the same person is not a proper person to administer the estate." Citing 18 A.L.R.2d 635 (1951) and the authorities cited therein.

Ms. Jordan responds to Ms. Bays' attack on her qualification to serve as co-executor by drawing an analogy between a creditor and a business "partner" who claims that certain properties were owned by a partnership rather than by the individual partners. She proposes that both assert interests which are necessarily antagonistic to the estate and both must establish the validity of their claims.

The distinction between an administrator/creditor and an administrator claiming ownership of estate property was also discussed in *Haynes.*. It was therein reasoned that a creditor's claim does not dispute the estate's title but is satisfied through the estate's title to the assets. In the case of an administrator claiming ownership, on the other hand, the estate's title to the property is denied by the claimant. In such a case, it was reasoned, the administrator "could only represent himself without embarrassment, he could not represent the estate". *Haynes v. Clanton, supra* at 792.

The facts in *Haynes* differ from those in the instant case in that a sole executor was involved in *Haynes*, whereas here we have before us a situation involving co-executors. We are not convinced that this distinction is controlling.

Section 240 of the Probate Code provides that where there are co-executors the act of one "shall be as valid as if all had acted jointly". The section further designates that where these are co-executors or co-administrators and one dies, resigns, or is re-

moved, the other "shall proceed with the administration as if no such death, resignation or removal had occurred". In view of the authority Ms. Jordan would presently and contingently possess, we hold that now would be the time to effect her disqualification.

Ms. Jordan further asserts that the estate and those who claim through the estate would be adequately protected by Ms. Jordan's posting of a bond. Suffice it to say that § 78 of the Probate Code makes no express exception to disqualification in the event that a bond is posted.

We hold that the trial court abused its discretion in granting letters testamentary to Ms. Jordan.

The judgment of the trial court is reversed and judgment is rendered that the letters testamentary granted to Ms. Jordan be rescinded.

### OPINION ON MOTION FOR REHEARING

Rita Bays' motion for rehearing voices concern over the possibility of our decision having far-reaching ramifications as to the disqualifications of persons named as executors. Our intent is that our holding be limited to the facts presented insofar as Jacquelyn Jordan is claiming total ownership of substantially all the assets of the estate of the deceased.

We hold that the facts of this case place Ms. Jordan in the position of one who is not "just another creditor" or one who has a simple claim against the estate. Rather, it is undisputed that Ms. Jordan is asserting a claim which is totally in opposition to that of a testamentary administrator. She is seeking satisfaction by means of a written instrument which is inimical to the estate she seeks to administer. We overrule the motion for rehearing.