James Darrell Lucas, El Paso, for Appellant.

Robert G. Neill, Jr., Ederer, Holmes, Neill, John P. Mobbs, Attorney at Law, El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

---

**ESTATE OF Virginia B. NAVAR, Deceased, Appellant,**

v.

**James FITZGERALD, Appellee.**

No. 08–99–00425–CV.

Court of Appeals of Texas, El Paso.

Feb. 17, 2000.

### *OPINION ON MOTION TO DISMISS APPEAL*

SUSAN LARSEN, Justice.

This appeal is before the court on a motion to dismiss. Finding the attempted appeal is from an interlocutory order, we dismiss for lack of jurisdiction.

### *FACTS*

Based upon an application to show cause filed by movant James Fitzgerald, the El Paso County Probate Court ordered Jose L. Navar, independent administrator of the estate of Virginia B. Navar, to post

bond in the amount of $652,905 or face removal as administrator. The order reads:

Upon evidence adduced, it became apparent that respondent had made no attempt to honor the requirement in an Order of this Court dated April 27, 1999, which ordered the Respondent to pay certain fees resulting in Class I claims approved by this court in the Order closing the Temporary Administration in this Estate. It appears to this court that the claims of the Class II Creditors James Fitzgerald, Jr . . . . and Robert G. Neill Jr . . . . are in jeopardy. Therefore, it is the Order of this Court that the Respondent post a bond in the amount of SIX HUNDRED [FIFTY] TWO THOUSAND NINE HUNDRED AND FIVE DOLLARS ($652,905.00), the amount of assets mentioned herein, ten (10) days of date hereof. Failure of the Respondent to post such bond written [sic] ten (10) days of the date of this Order may result in the immediate removal of Respondent as Independent Executor of this Estate without further motion and the immediate appointment of James Fitzgerald, formerly the Temporary Administrator of this Estate, as successor Independent Estate to serve without bond.

Further, this order shall be notice to Respondent that he may be removed from his position as Independent Executor of this Estate for failing to obey a proper Order by a court having jurisdiction with respect to the performance of his duties, to wit: he refused to appear at a show cause hearing set by the Court on the 25th day of July, 1999.

Navar appeals that order to this court. James Fitzgerald, designated successor executor, has filed this motion to dismiss. Appellant Navar has not responded to the motion.

### Order is not final and appealable

The Texas Probate Code provides:

All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals.[1]

Thus, if the order setting bond is a "final" order, then it is appealable and this court has jurisdiction. If not, the appeal must be dismissed.

■ To be final and appealable, a probate order need not fully dispose of the entire proceeding.[2] Because probate administration is a continuing process, its nature contemplates that future decisions must be based on intermediate decisions. Interlocutory appeal is necessary to provide practical review of erroneous, controlling intermediate decisions before their consequences become irreparable.[3] The Texas Supreme Court in *Crowson v. Wakeham* expressed the test for appealability as:

If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.[4]

Despite this apparently simple test expressed by the Supreme Court, the law regarding appealability of probate orders is less than well-settled.[5] *Crowson* did not

1. Tex. Prob.Code Ann. § 5(f) (Vernon Supp. 2000).

2. *In re Murphy,* 1 S.W.3d 171, 172 (Tex. App.—Fort Worth 1999, no pet.) (citing *Crowson v. Wakeham,* 897 S.W.2d 779, 782 (Tex. 1995)).

3. *Christensen v. Harkins,* 740 S.W.2d 69, 74 (Tex.App.—Fort Worth 1987, no writ).

4. *Crowson,* 897 S.W.2d at 783.

5. *In re Murphy,* 1 S.W.3d at 173 (Brigham, J. dissenting).

expressly overrule prior case law on appealability; indeed it quoted with approval a frequently-cited court of appeals case allowing interlocutory appeals of probate orders adjudicating a "substantial right."[6] The courts of appeals are split as to whether the "substantial right" test remains a valid inquiry after *Crowson*.[7]

 Determining the appealability of the probate order here, however, does not require us to choose sides in this debate, as the order setting the executor's bond is not final and appealable under any formulation of the test. We find that the order is part of that portion of the estate's administration dealing with satisfying creditor's claims, there is nothing in this record to indicate such claims have been fully disposed of, nor has the challenged order been severed from the larger administration. Moreover, the order does not even remove Jose Navar as executor of the estate, but only provides that he may be removed if bond is not posted as required. And no substantial right has been adjudicated, as Navar could continue to act as executor until such time as he was removed by further order of the court.[8] No order removing Navar as executor is contained in this record, and his notice of appeal specifically addresses the "'Order Setting Bond' entered by the Probate Court on August 2, 1999...." The order cannot even be said to have finally adjudicated the amount of the bond, as the probate court may revisit that issue at any time during the administration of the estate.[9] We conclude the order appealed from in this case is interlocutory and is not a final order under the Probate Code.

## CONCLUSION

We lack jurisdiction to hear this appeal, and therefore grant appellee's motion and dismiss the appeal.

---

6. *Crowson*, 897 S.W.2d at 782 (citing *Estate of Wright*, 676 S.W.2d 161, 163 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.)); *see also Meek v. Hart*, 611 S.W.2d 162, 163 (Tex.Civ.App.—El Paso 1981, no writ).

7. *Compare In re Murphy*, 1 S.W.3d at 173 ("we question whether the 'adjudication of a substantial right' inquiry is still viable post-*Crowson*") *with Estate of Vigen*, 970 S.W.2d 597, 599 n. 2 (Tex.App.—Corpus Christi 1998, no pet.) ("[w]e do not consider *Crowson* to have invalidated the 'substantial right' analysis").

8. *See Logan v. Barge*, 568 S.W.2d 872, 873 (Tex.Civ.App.—Beaumont 1978, no writ).

9. Tex. Prob.Code Ann. § 203 (Vernon 1980).