

CHIEF JUSTICE
JAMES T. WORTHEN

CLERK
CATHY S. LUSK

# TWELFTH COURT OF APPEALS

JUSTICES
SAM GRIFFITH
DIANE DeVASTO

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Friday, March 31, 2006

Mr. William R. Pemberton
P. O. Box 1112
306 N. 7th Street
Crockett, TX 75835

Mr. Timothy D. Salley
604 East Goliad Avenue
Crockett, TX 75835

**RE:** Case Number:          12-04-00154-CV
Trial Court Case Number:  8444

**Style:** In the Estate of Eldridge Lee Brimberry, Deceased

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause.  Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Katrina McClenny, Chief Deputy Clerk

CC:       Hon. John Ovard
Judge Sarah Tunnell Clark
Ms. Bridget Lamb

# NO. 12-04-00154-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *ELDRIDGE LEE BRIMBERRY,* | § | *COUNTY COURT AT LAW* |
| *DECEASED* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is a probate case. Appellants, Jerry Lee Brimberry, Alice Sue Colburn, Norma Kay Durfee, and Tonya Renee Pelham, applied for probate of the will of Eldridge Lee Brimberry, deceased. They also sought to have two of the executors named in the will appointed as independent co-executors and to have Delores McComb McDonald, the third executor named by the testator, disqualified from serving as independent co-executor. The trial court admitted the will to probate and appointed all three executors named in the will as independent co-executors. The trial court required each independent executor to post a $600,000.00 bond although the will provided that no bond should be required of them. Appellants complain in their first issue that the trial court erred in requiring Jerry Lee Brimberry and Norma Kay Durfee to give bond as a condition to their qualifying as independent co-executors. In their second issue, Appellants contend that the trial court abused its discretion in failing to find that Dolores McComb McDonald was disqualified to act as independent co-executor. We modify the trial court's order and affirm as modified.

## BACKGROUND

Eldridge Brimberry died on August 21, 2003. His spouse of thirty-six years, Errolene Brimberry, died four and a half years earlier on March 25, 1999. Her estate consisted of $10,000.00

in separate property and one-half of the community estate, her half valued at $383,869.00. Her will named her husband, Eldridge, as independent executor and trustee of the trust created by the will. The trust directed that the trustee pay to her husband out of the income of the trust estate such amounts "as are reasonably required, in the trustee's discretion, for his health, maintenance and support in his accustomed manner of living at my death."

Apparently, Eldridge made no effort to segregate the property of the trust from his own property. On March 6, 2001, some two years after Errolene's death, Eldridge changed the name on his checking account in the First State Bank in Grapeland to "E. L. Brimberry or Delores McComb." The account created was a joint account with right of survivorship. The account had been opened originally on March 18, 1981 as a joint account of "E. L. Brimberry or Errollene Brimberry," joint tenants with right of survivorship. At Errollene's death, the account balance was $1,244.00. At Eldridge's death, the account contained $64,292.94. After Eldridge's death, Delores withdrew all but $1,200.00 from their joint checking account.

The inventory of Errollene's estate shows that at her death she also possessed a community one-half interest in two certificates of deposit issued by the Grapeland State Bank worth a total of approximately $89,000.00, her community one-half interest amounting to $44,500.00. One of these certificates of deposit was closed on March 6, 2001, two years after Errollene's death. It was replaced on that date by a new certificate styled as E. L. Brimberry, payable on death to Delores McComb McDonald. At Eldridge's death, there was $70,000.00 in the account represented by the certificate of deposit. Delores claims the entire account as her own by virtue of the "payable on death" clause to her.

The inventory also shows that Errollene possessed a community one-half interest in an Edward Jones account having a total value of $76,784.00, her half interest being $38,392.00. A Paine Weber account included in the inventory contained $199,562.00, Errollene's half interest amounting to $99,781.00. According to the evidence adduced at trial, at Eldridge's death four years later, the Edward Jones account had grown to $171,000.00 and the Paine Weber account contained $191,000.00. The total appreciation in the two accounts between the deaths of Errollene and Eldridge amounted to $86,654.00.

Shortly before Eldridge died, Delores collected a $297.00 payment on a contract for deed due

from Willie Shepherd. Eldridge endorsed the check, and Delores deposited it in the checking account from which she withdrew all but $1,200.00. The contract for deed had been the community property of Errollene and Eldridge, and Errollene's one-half interest became part of the trust estate of the trust created by her will.

Appellants contend that after Errollene's death, Eldridge failed to segregate his property from the property of the trust created by Errollene's will. Since the trust property remained commingled with his own property, Appellants argue that the entire commingled fund must be treated as subject to the trust. While avoiding any accusation that their father breached his fiduciary duty in his management of the trust estate, they nevertheless maintain that his attempt to convey the bank accounts was ineffectual to transfer ownership to Delores. Therefore, they contend that Delores's claim as sole owner of the checking account and the certificate of deposit is a claim adverse to Eldridge's estate rendering her unsuitable to act as independent co-executor. They further contend that as one of the successor trustees to her father of Errollene's trust, she breached her fiduciary duty in withdrawing money from the bank account, at least part of which was property belonging to the trust estate. Similarly, they regard her claim to the entire certificate of deposit payable to her on Eldridge's death as a breach of her duty as trust fiduciary.

Delores contends that as trustee of Errollene's trust, Eldridge had broad powers to do all acts that an absolute owner of the property could do, subject only to his fiduciary duty. In Delores's view, Eldridge was free to consider the bank accounts as his own and an offsetting portion of the investment accounts as trust property if he believed that would benefit the trust. The growth in the brokerage accounts together with his portion of the bank accounts exceeded the total amount of the certificate of deposit payable to Delores on his death and the joint checking account that Delores took as survivor upon his death.

At the conclusion of the final hearing, the court determined that Delores was entitled to the balance of the joint checking account as Eldridge's survivor and that she was entitled to the certificate of deposit which Eldridge had directed the bank to pay to her on his death. Therefore, she was not making an adverse claim to property of Eldridge's estate. Hence, she was not "unsuitable" to act as independent co-executor. The court appointed as independent co-executors all three persons named in Eldridge's will to act in that capacity conditioned upon their each giving a $600,000.00

3

bond. The trial court noted that Eldridge had been married three times and that each of the independent co-executors named was a child of a different marriage.

## BOND REQUIRED OF INDEPENDENT CO-EXECUTORS

In their first issue, Appellants contend the court erred in requiring Jerry Lee Brimberry and Norma Kay Durfee to post bond contrary to the will of the testator that no bond be required of them. Delores maintains that portion of the trial court's order setting bond is interlocutory and that the appeal on this ground should be dismissed. As authority, Delores cites *Estate of Navar v. Fitzgerald*, 14 S.W.3d 378, 380 (Tex. App.–El Paso 2000, no pet.).

### Applicable Law

Texas Probate Code section 149 states that if the will provides that the independent executor shall not be required to give bond, the testator's direction shall be observed, and no bond required unless

> it be made to appear at any time that such independent executor is mismanaging the property, or has betrayed or is about to betray his trust, **or has in some other way become disqualified**, in which case, upon proper proceedings had for that purpose, as in the case of executors or administrators acting under orders of the court, such executor may be required to give bond. (Emphasis added).

TEX. PROB. CODE ANN. § 149 (Vernon 2003).

A person is disqualified to serve as an executor if he is:

(a)     An incapacitated person;

(b)     A convicted felon . . . ;

(c)     A non-resident . . . who has not appointed a resident agent to accept service of process . . . ;

(d)     A corporation not authorized to act as a fiduciary in this state; or

(e)     A person whom the court finds unsuitable.

*Id.* § 78.

4

Texas Probate Code section 195 reiterates the mandate of section 149 that no bond may be required of a qualified and suitable person named as executor by the testator.

A probate order need not fully dispose of the entire proceeding in order to be appealable. *See Crowson v. Wakeham*, 897 S.W.2d 779, 781 (Tex. 1995). "However, [the order] must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding is brought. . . ." *Id.*

## Analysis

The issues presented to the trial court in this case were the admissibility of the will to probate and the suitability of one of the co-executors named by the testator. The sole controverted question was the suitability of co-executor Delores McComb McDonald. Although the trial court's order did not finally dispose of the entire probate proceeding, it disposed of all questions presented in the application for probate.

In *Navar*, the probate court found that the independent executor, Navar, had not obeyed a court order to appear and show cause why he had failed to pay certain claims ordered paid by the court. The probate court therefore ordered Navar to post bond or face removal as independent executor. *Navar*, 14 S.W.3d at 379. The court of appeals held that the order requiring bond was not a separable part of the proceeding, but only a part of that portion of the administration dealing with the satisfaction of creditors. Nothing in the record indicated that all creditor's claims had been disposed of. Therefore, the order in question was not appealable because it was not conclusive of the issue or controverted question for which that particular part of the proceeding was brought. The order in the case at bar was conclusive of the controverted questions before the probate court. We conclude that under the test announced in *Crowson*, the order in this case is an appealable order.

The Probate Code vests the testator with the absolute power to select his own representative, and the probate court must appoint the person nominated in the will as independent executor unless that person is found to be disqualified or unsuitable. *Hunt v. Knolle*, 551 S.W.2d 764, 767 (Tex. Civ. App.–Tyler 1977, no writ). When the testator provides that the independent executor named in the will shall serve without bond, the testator's direction must be observed, unless it appears at any time that the independent executor is mismanaging the property, or has betrayed or is about to betray his trust, or has in some other way become disqualified. TEX. PROB. CODE ANN. § 149. The

5

trial court found the named independent co-executors were not disqualified or unsuitable. There is a complete absence of evidence in the record of acts or circumstances contemplated by the Probate Code that would authorize the probate court to ignore the testator's direction that no bond be required of the independent co-executors. The trial court erred in requiring bond of the independent co-executors absent any of the grounds therefor recognized by the Probate Code. Appellant's first issued is sustained.

## SUITABILITY OF DELORES MCCOMB MCDONALD

In their second issue, Appellants complain that the trial court abused its discretion in failing to find that Delores McComb McDonald is a person who is unsuitable to serve as independent co-executor of the estate. Appellants contend that Delores McComb McDonald is unsuitable because she claims property of the estate as her own.

### Applicable Law

The trial court is given broad discretion in determining whether an individual is suitable to serve as an executor or administrator. *Dean v. Getz*, 970 S.W.2d 629, 633 (Tex. App.–Tyler 1998, no pet.); *Kay v. Sandler*, 704 S.W.2d 430, 433 (Tex. App.–Houston [14th Dist.] 1985, writ ref'd n.r.e.). The standard of review is abuse of discretion. *Olguin v. Jungman*, 931 S.W.2d 607, 610 (Tex. App.–San Antonio 1996, no writ).

No person found unsuitable by the probate court is qualified to serve as an executor or administrator. TEX. PROB. CODE ANN. § 78(e) (Vernon 2003). An individual claiming under the will or asserting a claim in probate against the estate is not unsuitable merely because of that claim or assertion. *B oyles v. Gresham*, 1 58 T ex. 1 58, 3 09 S .W.2d 5 0, 54 (1958). A d ifferent c ase i s presented, however, when a named executor claims adversely to the estate, as his own, property which is owned, claimed, or should be claimed by the estate. *Bays v. Jordan*, 622 S.W.2d 148, 149 (Tex. App.–Fort Worth 1981, no writ). The reason underlying the distinction is that a beneficiary, creditor, or claimant does not dispute the estate's title, but seeks satisfaction of his claim from the estate's assets. But one claiming as his own assets claimed by the estate is denying the estate's title. Hence, his personal interests are so adverse to those of the estate that he is unsuitable to act as the estate's representative. *Id.*; *see also Haynes v. Clanton*, 257 S.W.2d 789, 792 (Tex. Civ. App.–El Paso 1953,

writ dism'd by agr.). The administrator in *Haynes* was found unsuitable ("incapable of performing the duties of his trust") to continue to act as administrator, because he owned an eleven percent interest in a bank that had brought suit against the administrator to recover all of the assets of the estate contending that all of the property had been acquired by the deceased with money embezzled from the bank. *Haynes*, 257 S.W.2d at 792. In *Bays*, the court of appeals decided that the trial court had abused its discretion in granting letters testamentary to a joint venturer with the decedent who claimed substantially all of the estates assets by virtue of a written agreement with the testator creating rights of survivorship in their joint ventures. *Bays*, 622 S.W.2d at 149. In *Hitt v. Dumitrov*, 598 S.W.2d 355, 355-56 (Tex. Civ. App.–Houston [14th Dist.] 1980, no writ), an individual was disqualified from serving as administrator of the estates of both a husband and his wife who died together in a plane crash, because each estate had adverse claims to the same insurance proceeds. In a later case, a surviving spouse was found unsuitable, because she claimed property of her deceased husband's separate estate as community property. *Ayala v. Martinez*, 883 S.W.2d 270, 272 (Tex. App.–Corpus Christi 1994, writ denied).

Where a trustee has wrongfully commingled trust funds with his own, the burden is on the trustee or his successors to distinguish his funds from those of the beneficiary; if the trustee is unable to do so, the entire commingled fund or the property purchased therewith becomes subject to the trust. *Eaton v. Husted*, 141 Tex. 349, 172 S.W.2d 493, 498-99 (1943); *Logan v. Logan*, 138 Tex. 40, 156 S.W.2d 507, 510 (1941). If, however, the commingling is not wrongful, the basis for the general rule is removed and no presumption is raised that the commingled fund and property purchased with it is subject to the trust. *Logan*, 156 S.W.2d at 510; *Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 853 (Tex. Civ. App.–Amarillo 1979, no writ). The trustee is presumed to have withdrawn his own money first, if he or she draws on an improperly commingled fund. *Batmanis v. Batmanis*, 600 S.W.2d 887, 890 (Tex. Civ. App.–Houston [14th Dist.] 1980, writ ref'd n.r.e.).

**Analysis**

Appellants do not directly claim that Eldridge Brimberry violated his fiduciary duty as trustee of the Errollene Brimberry Testamentary Trust. They essentially argue that unless and until he formally segregated the trust property from his own, all of his property and all of the trust property was subject to the trust. As a result, they argue, he lacked the power to make a nontestamentary

7

transfer of the bank accounts to Delores McDonald because an undetermined amount of the bank deposits were trust funds. Therefore, his creation of a joint checking account with right of survivorship in Delores as well as the designation of Delores as the payee upon his death of the certificate of deposit was not effective. Hence, they argue, Delores holds or claims these funds adversely to Eldridge's estate, which renders her unsuitable.

As trustee of Errollene's trust, Eldridge had broad powers "to do all acts, to take all the proceedings, and to exercise all the rights, powers, and privileges which an absolute owner would have," subject always to the discharge of his fiduciary obligations. Errolene's will directed that the trustee may pay her surviving husband (Eldridge)

> [s]uch amounts out of the income of the trust estate as are reasonably required, in the trustees' discretion, for his health, maintenance and support in his accustomed manner of living at the time of my death.

The evidence at trial showed that Eldridge fully discharged his fiduciary responsibilities. When he died he had approximately $171,000.00 in the Edward Jones account and $191,000.00 in the Payne Weber account. The original trust account of the Errollene's trust lists a total of $38,392.00 in the Edward Jones account and $99,781.00 in the Payne Weber account. The appreciation in the brokerage house accounts far exceeds the $44,500.00 interest of the trust in the two certificates of deposits listed as trust assets. If, as appears to be the case, Eldridge chose to consider the certificates of deposit as his own and an offsetting portion of an investment account as trust property, he did not wrongfully confuse the accounts requiring that all of his own property be considered subject to the trust. The substitute trustees/independent co-executors should have no difficulty in adjusting accounts between the Errollene's trust and Eldridge's estate. T he *Eaton* commingling rule, invoked by Appellants, is inapplicable to these facts. Eldridge's duties as trustee did not deprive him of the right to dispose of his own property, to direct that the certificates of deposit be payable on his death to Delores, and to create a joint checking account with her with right of survivorship.

This record supports the conclusion that the bank accounts passed to Delores outside of the estate and that she therefore does not hold them adversely to the estate. There is no evidence that Delores presently claims the $297.00 check from Willie Shepherd as her own. The trial judge did not

abuse her discretion in finding Delores suitable to serve as independent co-executor. Appellants' second issue is overruled.

## DISPOSITION

The order of the trial court admitting the will to probate is modified to delete the requirement of bond of the co-executors. In all other respects, the judgment of the trial court is *affirmed*.

BILL BASS
Justice

Opinion delivered March 31, 2006.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, Tyler, sitting by assignment.*

(PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## MARCH 31, 2006

## NO. 12-04-00154-CV

## IN THE ESTATE OF ELDRIDGE LEE BRIMBERRY, DECEASED

Appeal from the County Court at Law
of Houston County, Texas. (Tr.Ct.No. 8444)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that the order of the trial court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be modified** to delete the requirement of bond of the co-executors, and as modified, the trial court's order is **affirmed**.

It is further ORDERED that all costs of this appeal are hereby adjudged against the Appellants, JERRY LEE BRIMBERRY, ALICE SUE COLBURN, NORMA KAY DURFEE AND TONYA RENEE PELHAM, for which execution may issue, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, Tyler, sitting by assignment.*