MARY'S OPINION HEADING 









                NO.
12-04-00154-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

IN THE ESTATE OF                       §                      APPEAL FROM THE 

 

ELDRIDGE LEE BRIMBERRY,    §                      COUNTY
COURT AT LAW

 

DECEASED                                      §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            This is a probate case. 
Appellants, Jerry Lee Brimberry, Alice Sue Colburn, Norma Kay Durfee,
and Tonya Renee Pelham, applied for probate of the will of Eldridge Lee
Brimberry, deceased.  They also sought to
have two of the executors named in the will appointed as independent
co-executors and to have Delores McComb McDonald, the third executor named by
the testator, disqualified from serving as independent co-executor.  The trial court admitted the will to probate
and appointed all three executors named in the will as independent
co-executors.  The trial court required
each independent executor to post a $600,000.00 bond although the will provided
that no bond should be required of them. 
Appellants complain in their first issue that the trial court erred in
requiring Jerry Lee Brimberry and Norma Kay Durfee to give bond as a condition
to their qualifying as independent co-executors.  In their second issue, Appellants contend
that the trial court abused its discretion in failing to find that Dolores
McComb McDonald was disqualified to act as independent co-executor.  We modify the trial court’s order and affirm
as modified.

 

Background








            Eldridge Brimberry died on August 21, 2003.  His spouse of thirty-six years, Errolene
Brimberry, died four and a half years earlier on March 25, 1999.  Her estate consisted of $10,000.00 in
separate property and one-half of the community estate, her half valued at
$383,869.00.  Her will named her husband,
Eldridge, as independent executor and trustee of the trust created by the
will.  The trust directed that the
trustee pay to her husband out of the income of the trust estate such amounts “as
are reasonably required, in the trustee’s discretion, for his health,
maintenance and support in his accustomed manner of living at my death.”

            Apparently, Eldridge made no effort to segregate the
property of the trust from his own property. 
On March 6, 2001, some two years after Errolene’s death, Eldridge
changed the name on his checking account in the First State Bank in Grapeland
to “E. L. Brimberry or Delores McComb.” The account created was a joint account
with right of survivorship.  The account
had been opened originally on March 18, 1981 as a joint account of “E. L.
Brimberry or Errollene Brimberry,” joint tenants with right of
survivorship.  At Errollene’s death, the
account balance was $1,244.00.  At
Eldridge’s death, the account contained $64,292.94.  After Eldridge’s death, Delores withdrew all
but $1,200.00 from their joint checking account.

            The inventory of Errollene’s estate shows that at her
death she also possessed a community one-half interest in two certificates of
deposit issued by the Grapeland State Bank worth a total of approximately
$89,000.00, her community one-half interest amounting to $44,500.00.  One of these certificates of deposit was
closed on March 6, 2001, two years after Errollene’s death.  It was replaced on that date by a new
certificate styled as E. L. Brimberry, payable on death to Delores McComb
McDonald.  At Eldridge’s death, there was
$70,000.00 in the account represented by the certificate of deposit.  Delores claims the entire account as her own
by virtue of the “payable on death” clause to her.

            The inventory also shows that Errollene possessed a
community one-half interest in an Edward Jones account having a total value of
$76,784.00, her half interest being $38,392.00. 
A Paine Weber account included in the inventory contained $199,562.00,
Errollene’s half interest amounting to $99,781.00.  According to the evidence adduced at trial,
at Eldridge’s death four years later, the Edward Jones account had grown to
$171,000.00 and the Paine Weber account contained $191,000.00.  The total appreciation in the two accounts
between the deaths of Errollene and Eldridge amounted to $86,654.00.

            Shortly before Eldridge died, Delores collected a $297.00
payment on a contract for deed due from Willie Shepherd.  Eldridge endorsed the check, and Delores
deposited it in the checking account from which she withdrew all but
$1,200.00.  The contract for deed had
been the community property of Errollene and Eldridge, and Errollene’s one-half
interest became part of the trust estate of the trust created by her will.

            Appellants contend that after Errollene’s death, Eldridge
failed to segregate his property from the property of the trust created by
Errollene’s will.  Since the trust
property remained commingled with his own property, Appellants argue that the
entire commingled fund must be treated as subject to the trust.  While avoiding any accusation that their
father breached his fiduciary duty in his management of the trust estate, they
nevertheless maintain that his attempt to convey the bank accounts was
ineffectual to transfer ownership to Delores. 
Therefore, they contend that Delores’s claim as sole owner of the
checking account and the certificate of deposit is a claim adverse to Eldridge’s
estate rendering her unsuitable to act as independent co-executor.  They further contend that as one of the
successor trustees to her father of Errollene’s trust, she breached her
fiduciary duty in withdrawing money from the bank account, at least part of
which was property belonging to the trust estate.  Similarly, they regard her claim to the
entire certificate of deposit payable to her on Eldridge’s death as a breach of
her duty as trust fiduciary.

            Delores contends that as trustee of Errollene’s trust,
Eldridge had broad powers to do all acts that an absolute owner of the property
could do, subject only to his fiduciary duty. 
In Delores’s view, Eldridge was free to consider the bank accounts as
his own and an offsetting portion of the investment accounts as trust property
if he believed that would benefit the trust. 
The growth in the brokerage accounts together with his portion of the
bank accounts exceeded the total amount of the certificate of deposit payable
to Delores on his death and the joint checking account that Delores took as
survivor upon his death.

            At the conclusion of the final hearing, the court
determined that Delores was entitled to the balance of the joint checking
account as Eldridge’s survivor and that she was entitled to the certificate of
deposit which Eldridge had directed the bank to pay to her on his death.  Therefore, she was not making an adverse
claim to property of Eldridge’s estate. 
Hence, she was not “unsuitable” to act as independent co-executor.  The court appointed as independent
co-executors all three persons named in Eldridge’s will to act in that capacity
conditioned upon their each giving a $600,000.00 bond.  The trial court noted that Eldridge had been
married three times and that each of the independent co-executors named was a
child of a different marriage.

 

Bond Required of Independent Co-Executors

            In their first issue, Appellants contend the court erred
in requiring Jerry Lee Brimberry and Norma Kay Durfee to post  bond contrary to the will of the testator
that no bond be required of them. 
Delores maintains that portion of the trial court’s order setting bond
is interlocutory and that the appeal on this ground should be dismissed.  As authority, Delores cites Estate of
Navar v. Fitzgerald, 14 S.W.3d 378, 380 (Tex. App.–El Paso 2000, no
pet.).

Applicable Law

            Texas Probate Code section 149 states that if the will
provides that the independent executor shall not be required to give bond, the
testator’s direction shall be observed, and no bond required unless

 

it
be made to appear at any time that such independent executor is mismanaging the
property, or has betrayed or is about to betray his trust, or has in some
other way become disqualified, in which case, upon proper proceedings had
for that purpose, as in the case of executors or administrators acting under
orders of the court, such executor may be required to give bond.  (Emphasis added).

 

Tex. Prob. Code Ann. §
149 (Vernon 2003).

 

 

            A person is disqualified to serve as an executor if he
is:

 

(a)           An
incapacitated person;

 

(b)           A
convicted felon . . . ;

 

(c)           A
non-resident . . . who has not appointed a resident agent to accept service of
process . . . ;

 

(d)           A
corporation not authorized to act as a fiduciary in this state; or

 

(e)           A
person whom the court finds unsuitable.

 

 

Id. § 78.

 

 

Texas Probate Code section 195
reiterates the mandate of section 149 that no bond may be required of a
qualified and suitable person named as executor by the testator.  

            A probate order need not fully dispose of the entire
proceeding in order to be appealable.  See
Crowson v. Wakeham, 897 S.W.2d 779, 781 (Tex. 1995).  “However, [the order] must be one which
finally disposes of and is conclusive of the issue or controverted question for
which that particular part of the proceeding is brought. . . .”  Id.

Analysis

            The issues presented to the trial court in this case were
the admissibility of the will to probate and the suitability of one of the
co-executors named by the testator.   The
sole controverted question was the suitability of co-executor Delores McComb
McDonald.  Although the trial court’s
order did not finally dispose of the entire probate proceeding, it disposed of
all questions presented in the application for probate.

            In Navar, the probate court found that the
independent executor, Navar, had not obeyed a court order to appear and show
cause why he had failed to pay certain claims ordered paid by the court.  The probate court therefore ordered Navar to
post bond or face removal as independent executor.  Navar, 14 S.W.3d at 379.  The court of appeals held that the order
requiring bond was not a separable part of the proceeding, but only a part of
that portion of the administration dealing with the satisfaction of
creditors.  Nothing in the record
indicated that all creditor’s claims had been disposed of.  Therefore, the order in question was not
appealable because it was not conclusive of the issue or controverted question
for which that particular part of the proceeding was brought.  The order in the case at bar was conclusive
of the controverted questions before the probate court.  We conclude that under the test announced in Crowson,
the order in this case is an appealable order.

            The Probate Code vests the testator with the absolute
power to select his own representative, and the probate court must appoint the
person nominated in the will as independent executor unless that person is
found to be disqualified or unsuitable.  Hunt
v. Knolle, 551 S.W.2d 764, 767 (Tex. Civ. App.–Tyler 1977, no
writ).  When the testator provides that
the independent executor named in the will shall serve without bond, the
testator’s direction must be observed, unless it appears at any time that the
independent executor is mismanaging the property, or has betrayed or is about
to betray his trust, or has in some other way become disqualified.  Tex.
Prob. Code Ann. § 149.  The trial
court found the named independent co-executors were not disqualified or
unsuitable.  There is a complete absence
of evidence in the record of acts or circumstances contemplated by the Probate
Code that would authorize the probate court to ignore the testator’s direction
that no bond be required of the independent co-executors.  The trial court erred in requiring bond of
the independent co-executors absent any of the grounds therefor recognized by
the Probate Code.  Appellant’s first
issued is sustained.

 

Suitability of Delores McComb McDonald

            In their second issue, Appellants complain that the trial
court abused its discretion in failing to find that Delores McComb McDonald is
a person who is unsuitable to serve as independent co-executor of the
estate.  Appellants contend that Delores
McComb McDonald is unsuitable because she claims property of the estate as her
own.

Applicable Law

            The trial court is given broad discretion in determining
whether an individual is suitable to serve as an executor or
administrator.  Dean v. Getz,
970 S.W.2d 629, 633 (Tex. App.–Tyler 1998, no pet.); Kay v. Sandler,
704 S.W.2d 430, 433 (Tex. App.–Houston [14th Dist.] 1985, writ ref’d
n.r.e.).  The standard of review is abuse
of discretion.  Olguin v. Jungman,
931 S.W.2d 607, 610 (Tex. App.–San Antonio 1996, no writ).








            No person found unsuitable by the probate court is
qualified to serve as an executor or administrator.  Tex.
Prob. Code Ann. § 78(e) (Vernon 2003). 
An individual claiming under the will or asserting a claim in probate
against the estate is not unsuitable merely because of that claim or
assertion.  Boyles v. Gresham,
158 Tex. 158, 309 S.W.2d 50, 54 (1958). 
A different case is presented, however, when a named executor claims
adversely to the estate, as his own, property which is owned, claimed, or
should be claimed by the estate.  Bays
v. Jordan, 622 S.W.2d 148, 149 (Tex. App.–Fort Worth 1981, no
writ).  The reason underlying the
distinction is that a beneficiary, creditor, or claimant does not dispute the
estate’s title, but seeks satisfaction of his claim from the estate’s
assets.  But one claiming as his own
assets claimed by the estate is denying the estate’s title.  Hence, his personal interests are so adverse
to those of the estate that he is unsuitable to act as the estate’s
representative.  Id.; see
also Haynes v. Clanton, 257 S.W.2d 789, 792 (Tex. Civ. App.–El Paso
1953, writ dism’d by agr.).  The
administrator in Haynes was found unsuitable (“incapable of
performing the duties of his trust”) to continue to act as administrator,
because he owned an eleven percent interest in a bank that had brought suit
against the administrator to recover all of the assets of the estate contending
that all of the property had been acquired by the deceased with money embezzled
from the bank.  Haynes, 257
S.W.2d at 792.  In Bays,
the court of appeals decided that the trial court had abused its discretion in
granting letters testamentary to a joint venturer with the decedent who claimed
substantially all of the estates assets by virtue of a written agreement with
the testator creating rights of survivorship in their joint ventures.  Bays, 622 S.W.2d at 149.  In Hitt v. Dumitrov, 598 S.W.2d
355, 355-56 (Tex. Civ. App.–Houston [14th Dist.] 1980, no writ), an individual
was disqualified from serving as administrator of the estates of both a husband
and his wife who died together in a plane crash, because each estate had
adverse claims to the same insurance proceeds. 
In a later case, a surviving spouse was found unsuitable, because she
claimed property of her deceased husband’s separate estate as community
property.  Ayala v. Martinez,
883 S.W.2d 270, 272 (Tex. App.–Corpus Christi 1994, writ denied).

            Where a trustee has wrongfully commingled trust funds
with his own, the burden is on the trustee or his successors to distinguish his
funds from those of the beneficiary; if the trustee is unable to do so, the
entire commingled fund or the property purchased therewith becomes subject to
the trust.   Eaton v. Husted,
141 Tex. 349, 172 S.W.2d 493, 498-99 (1943); Logan v. Logan, 138
Tex. 40, 156 S.W.2d 507, 510 (1941).  If,
however, the commingling is not wrongful, the basis for the general rule is
removed and no presumption is raised that the commingled fund and property
purchased with it is subject to the trust. 
Logan, 156 S.W.2d at 510; Peirce v. Sheldon
Petroleum Co., 589 S.W.2d 849, 853 (Tex. Civ. App.–Amarillo 1979, no
writ).  The trustee is presumed to have
withdrawn his own money first, if he or she draws on an improperly commingled
fund.  Batmanis v. Batmanis,
600 S.W.2d 887, 890 (Tex. Civ. App.–Houston [14th Dist.] 1980, writ ref’d
n.r.e.).

Analysis

            Appellants do not directly claim that Eldridge Brimberry
violated his fiduciary duty as trustee of the Errollene Brimberry Testamentary
Trust.  They essentially argue that
unless and until he formally segregated the trust property from his own, all of
his property and all of the trust property was subject to the trust.  As a result, they argue, he lacked the power
to make a nontestamentary transfer of the bank accounts to Delores McDonald
because an undetermined amount of the bank deposits were trust funds.  Therefore, his creation of a joint checking
account with right of survivorship in Delores as well as the designation of
Delores as the payee upon his death of the certificate of deposit was not
effective.  Hence, they argue, Delores
holds or claims these funds adversely to Eldridge’s estate, which renders her
unsuitable.

            As trustee of Errollene’s trust, Eldridge had broad
powers “to do all acts, to take all the proceedings, and to exercise all the
rights, powers, and privileges which an absolute owner would have,” subject
always to the discharge of his fiduciary obligations.  Errolene’s will directed that the trustee may
pay her surviving husband (Eldridge)

 

[s]uch
amounts out of the income of the trust estate as are reasonably required, in
the trustees’ discretion, for his health, maintenance and support in his
accustomed manner of living at the time of my death.

 

 

The evidence at trial showed
that Eldridge fully discharged his fiduciary responsibilities.  When he died he had approximately $171,000.00
in the Edward Jones account and $191,000.00 in the Payne Weber account.  The original trust account of the Errollene’s
trust lists a total of $38,392.00 in the Edward Jones account and $99,781.00 in
the Payne Weber account.  The
appreciation in the brokerage house accounts far exceeds the $44,500.00
interest of the trust in the two certificates of deposits listed as trust assets.  If, as appears to be the case, Eldridge chose
to consider the certificates of deposit as his own and an offsetting portion of
an investment account as trust property, he did not wrongfully confuse the
accounts requiring that all of his own property be considered subject to the
trust. The substitute trustees/independent co-executors should have no
difficulty in adjusting accounts between the Errollene’s trust and Eldridge’s
estate.  The Eaton commingling
rule, invoked by Appellants, is inapplicable to these facts.  Eldridge’s duties as trustee did not deprive
him of the right to dispose of his own property, to direct that the
certificates of deposit be payable on his death to Delores, and to create a
joint checking account with her with right of survivorship.

            This record supports the conclusion that the bank
accounts passed to Delores outside of the estate and that she therefore does
not hold them adversely to the estate. 
There is no evidence that Delores presently claims the $297.00 check
from Willie Shepherd as her own.  The
trial judge did not abuse her discretion in finding Delores suitable to serve
as independent co-executor.  Appellants’
second issue is overruled.

 

Disposition

            The order of the trial court admitting the will to
probate is modified to delete the requirement of bond of the co-executors.  In all other respects, the judgment of the
trial court is affirmed.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered March 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)